# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>JOHN STEFANSKI,<br><br>        Defendant. | Case Nos. 3:10-po-044-JDR<br>                3:10-po-047-JDR<br><br>**ORDER DENYING DEFENDANT'S**<br>**MOTION TO DISQUALIFY**<br>**JUDGE/MAGISTRATE**<br><br>Docket 5 |

The Defendant, John Stefanski, filed a Motion to Disqualify Judge/Magistrate at Docket 5. Mr. Stefanski is proceeding pro se in his cases before this court. Mr. Stefanski states that in accordance with 28 U.S.C. § 144, the magistrate judge should be disqualified from hearing his case. Construing the pro se defendant's arguments liberally and in the light most favorable to the defendant, the court determines that his motion alleges the magistrate judge does not have jurisdiction to hear his cases.

Mr. Stefanski received two violation notices in July of 2010. One for leaving property unattended for longer than four months in accordance with 36

C.F.R. 13.45(b)(1)[1] and the second violation notice for improper fuel storage in accordance with 36 C.F.R. 13.45(b)(4) and (b)(5).[2] Both offenses are punishable by a fine or by imprisonment not exceeding six months pursuant to 36 C.F.R. § 1.3(a). The penalties qualify the offenses as Class B misdemeanors, which are considered petty offenses.[3]

Pursuant to 28 U.S.C. § 636, the magistrate judge has jurisdiction to hear this matter. Section 636(a)(4) states that the magistrate judge may enter a sentence for a petty offense. Local Magistrate Rules 2 and 3(a)(6) give the magistrate judge authority to hear Class B misdemeanors. This court has jurisdiction over Mr. Stefanski's cases.

The Defendant cites 28 U.S.C. § 144 as a basis for his claim that Magistrate Judge Roberts should be disqualified. Section 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, the judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . or good cause shall

---

[1] *See* 3:10-po-00044-JDR.

[2] *See* 3:10-po-00047-JDR.

[3] *See* 28 U.S.C. § 636; Fed. R. Crim. P. 7(a)(2), 58(b)(1); 18 U.S.C. § 19; *United States v. Arraiza Navas*, 206 F. Supp.2d 274 (D. P.R. 2002).

10-po-044 & 047-JDR STEFANSKI Order @ 5 Denying Defendant's Motion to Disqualify Judge_mtd.wpd

2

Case 3:10-po-00047-JDR   Document 8   Filed 03/09/11   Page 2 of 4

> be shown for failure to file it within such time . . . . It shall
> be accompanied by a certificate of counsel of record
> stating that it is made in good faith.

In his brief motion, the Defendant argues that he believes "that bias and prejudice exists." Mr. Stefanski also states that he believes that the magistrate judge has violated his rights and the magistrate judge's oath of office.[4] No affidavit is included with his motion.

      While Mr. Stefanski may disagree with the magistrate judge's rulings at the December 7, 2010 hearing, this is not enough to disqualify him. Disqualification must stem from an extrajudicial source, something other than a judge's rulings.[5] The Defendant has presented no evidence of bias. His motion is without merit.

//

//

---

[4] *See* Docket 5 ("[B]elief that bias and prejudice exists[.] U.S. Magistrate Judge[,] John D Roberts did on 12-7-10 fail to acknowledge that I was standing in God's Kingdom; And that I was A Sovereign Citizen of the United States And that my rights Are reserved And Protected in Accordance with the Constitution for the United States of America, Bill of Rights And Virginia Declaration of Independence. He has breached his oath of office And Admitted to Treason (No Record of his oath of office exist in the republic of Alaska) my Common Law rights gurentee [sic] In suits where the value exceeds twenty dollars the Right of trial by Jury shall be preserved.").

[5] *See Liteky .v. United States*, 510 U.S. 540 (1994); *United States v. Studley*, 783 F.2d 934 (9th Cir. 1986); *Pesnell v. Arsenault*, 490 F.3d 1158 (9th Cir. 2007).

This case is properly before the magistrate judge. The Defendant has made no showing of bias. Defendant's motion is HEREBY DENIED. IT IS SO ORDERED.

DATED this  8th  day of March, 2011, at Anchorage, Alaska.

 /s/ John D. Roberts 
JOHN D. ROBERTS
United States Magistrate Judge