UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

|                              |                                         |
|------------------------------|-----------------------------------------|
| UNITED STATES OF AMERICA,    | Case Nos. 3:10-po-044-JDR               |
|                              | 3:10-po-047-JDR                         |
|     Plaintiff, |                                   |
| vs.                          | **ORDER DENYING DEFENDANT'S**           |
|                              | **MOTION TO DISMISS**                   |
| JOHN STEFANSKI,              |                                         |
|                              | Docket 4                                |
|     Defendant. |                                   |

The Defendant, John Stefanski, filed a Motion to Dismiss at Docket 4. Mr. Stefanski is proceeding pro se in his cases before this court.

Mr. Stefanski received two violation notices in July of 2010. One for leaving property unattended for longer than four months as proscribed in 36 C.F.R. 13.45(b)(1)[1] and the second violation notice for improper fuel storage under 36 C.F.R. 13.45(b)(4) and (b)(5).[2] Both offenses are punishable by a fine or by imprisonment not exceeding six months pursuant to 36 C.F.R. § 1.3(a). The

---

[1] *See* 3:10-po-00044-JDR.

[2] *See* 3:10-po-00047-JDR.

penalties qualify the offenses as Class B misdemeanors, which are considered petty offenses.³ Any violation or offense punishable by six months or less of incarceration is presumed to constitute a petty offense for which no right to a jury trial exists.⁴

At Docket 4, Mr. Stefanski states generally that his motion to dismiss is filed pursuant to the Constitution, Article V and the Bill of Rights Amendment VII. He states that his property was stolen on state property by federal agents. He objects to the jurisdiction of the court and argues that the acts of the government, in taking his property, violate the IV and IX and X Amendments to the United States Constitution.⁵ The government filed its' opposition to Mr. Stefanski's motion at Docket 6.

Recognizing that Mr. Stefanski is proceeding pro se, this court has construed his motion in the light most favorable to him. Mr. Stefanski argues,

---

³*See* 28 U.S.C. § 636; Fed. R. Crim. P. 7(a)(2), 58(b)(1); 18 U.S.C. § 19; *United States v. Arraiza Navas*, 206 F. Supp.2d 274 (D. P.R. 2002).

⁴*See Blanton v. City of North Las Vegas*, 489 U.S. 538, 543 (1989).

⁵Amendment IV to the U.S. Constitution states, in relevant part, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." Amendment IX to the U.S. Constitution states "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." Amendment X to the U.S. Constitution states "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people."

essentially, that this court is without jurisdiction to hear this matter. His arguments are without merit.

An indictment "is constitutionally sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'"[6] The Violation Notice in this case meets this standard.

Here, the Government has sufficiently cited facts which allege a prima facie case that the defendant violated 36 C.F.R.13.45(b)(1) and (b)(4)-(5). Regarding 3:10-po-00044-JDR, the Violation Notice for 13.45(b)(1), the Government argues that Mr. Stefanski's property, a pick up truck and mining equipment, was left "for longer than 4 months on an island in the Nizina River within Wrangell-St.Elias National Preserve."[7] The Government further states that the property "was in immediate danger of being washed downstream due to rising river water."[8] As a result, the Officer determined that the property "posed an immediate threat of causing damage to public resources."[9]

---

[6] *United States v. Vroman*, 975 F.2d 669, 671 (9th Cir. 1992) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

[7] *See* 3:10-po-00044-JDR, Docket 1.

[8] *Id.*

[9] *Id.*

Regarding 3:10-po-00047-JDR, the Violation Notice for 13.45(b)(4)-(5) that Mr. Stefanski improperly stored fuel on federal park land, including "gasoline in [five], 5 gallon containers and in the tank of a pickup truck, [which] was left well within 100 feet of water on an island in the Nizina River within Wrangell-St.Elias National Preserve."[10] The Officer further stated that the fuel "was in immediate danger of being washed downstream due to rising river water, [and] . . . posed an immediate threat of causing damage to public resources."[11]

The facts alleged in each case support the underlying C.F.R. violation. The standard established in *Hamling v. United States* is satisfied.[12] The magistrate judge deems the pleading standard met and finds that there is prima facie evidence to support actions under both regulations.

The Defendant's arguments regarding the court's lack of jurisdiction are misguided. The basis of authority of the Federal Government to regulate activities on Federal lands stems from the property clause of Article IV of the Constitution. The clause provides that "[t]he Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property

---

[10] *See* 3:10-po-00047-JDR, Docket 1.

[11] *Id.*

[12] *See supra* note 4.

belonging to the United States."[13] While the Defendant may dispute the exact location of his property, ample case law has held that the Federal Government may regulate activities on land within the boundaries of Federal lands if the activity effects, or has the potential to effect, the integrity of Federal lands.[14] Title 18, section 5 of the United States Code defines the United States to include "all places and waters, continental or insular, subject to the jurisdiction of the United States . . . ." This also establishes authority for the Federal Government to regulate Mr. Stefanski's actions as alleged in the violation notices.

The Park Service, through it's violation notices, alleges that the heavy equipment, the pickup and fuel Mr. Stefanski allegedly left near the Nizina River could effect Federal land. As such, the Government has made a prima facie case sufficient to defeat the motion to dismiss.

Regarding Mr. Stefanski's jurisdictional claim, the Federal court has jurisdiction to hear cases where alleged crimes violate federal law.[15] Mr. Stefanski

---

[13] U.S.Const. Art. IV, § 3, cl. 2.

[14] See United States v. Brown, 552 F.2d 817 (8th Cir. 1977); Free Enterprise Canoe Renters Assoc. of Missouri v. Watt, 711 F.2d 852 (8th Cir. 1983); Macomber v. Bose, 401 F.2d 545 (9th Cir. 1968); United States v. Lindsey, 595 F.2d 5 (9th Cir. 1979); United States v. Arbo, 691 F.2d 862 (9th Cir. 1982); Kleppe v. New Mexico, 426 U.S. 529 (1976); Minnesota v. Block, 660 F.2d 1240 (8th Cir. 1981).

[15] See United States v. McCalla, 545 F.3d 750, 756 (9th Cir.2008) (citing 18 U.S.C. 3231 ("[t]he district courts of the United States have original jurisdiction, exclusive of the courts of the States, of *all* offenses against the laws of the United

is alleged to have violated federal law. The penalties for these violations are punishable by fine or imprisonment not exceeding six months pursuant to 36 C.F.R. § 1.3(a). The penalties qualify the offenses as Class B misdemeanors, which are considered petty offenses.[16] Pursuant to 28 U.S.C. § 636, the magistrate judge has jurisdiction to hear this matter. Section 636(a)(4) states that the magistrate judge may enter a sentence for petty offenses. Local Magistrate Judge Rules 2 and 3(a)(6) outline the authority of magistrate judges and include Class B misdemeanor cases.

The government has met its burden in establishing that the indictment is constitutionally sufficient. And, this court has clear jurisdiction to hear these matters. Mr. Stefanski's motion to dismiss is without merit. Therefore, the motion at Docket 4 in both cases is HEREBY DENIED.

IT IS SO ORDERED.

DATED this   8th   day of March, 2011, at Anchorage, Alaska.

  /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

---

States." (Emphasis added).))

[16] *See* 28 U.S.C. § 636; Fed. R. Crim. P. 7(a)(2), 58(b)(1); 18 U.S.C. § 19; *Arraiza Navas*, 206 F.Supp.2d 274.